JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN -5 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 880

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE DREXEL BURNHAM LAMBERT SAVINGS AND LOAN SECURITIES LITIGATION

## BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,* LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

### ORDER DENYING TRANSFER

This litigation presently consists of three actions pending in two federal districts: two actions in the Central District of California and one action in the Southern District of New York. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by a group of 156 defendants to centralize the three actions in either the Central District of California or the Southern District of New York for coordinated or consolidated pretrial proceedings.[1] Eight responses in support of 1407 transfer have been submitted by a total of 75 defendants. Plaintiffs in the three actions oppose transfer.

On the basis of the papers filed and the hearing held, the Panel finds that transfer under 28 U.S.C. §1407 would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. While we recognize that the actions share many factual questions, we note that i) the actions are pending in only two districts before two judges, and ii) many parties and counsel are involved in actions in both districts. Given these factors, we conclude that suitable alternatives to Section 1407 are both available and preferable as a means of minimizing the possibility of duplicative discovery and/or conflicting pretrial rulings with respect to any common matters. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985). Indeed, the parties in the New York action and one California action (Columbia) have recently agreed to a proposed case management order that would establish a coordinated discovery

---

\*    Judge Pollack did not participate in the decision of this matter.

[1]    Movants and other parties have identified two additional actions in the Central District of California as potential tag-along actions. In light of the Panel's disposition, consideration of the question of transfer with respect to those actions is moot.

- 2 -

program for those two actions.   This development reinforces our view that alternatives to Section 1407 transfer are practicable in light of the circumstances presently obtaining in the litigation.

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 of the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

FOR THE PANEL:

John F. Nangle
Chairman

## SCHEDULE A

### IN RE DREXEL BURNHAM LAMBERT SAVINGS AND LOAN SECURITIES LITIGATION

#### Central District of California

Steven Cooperman, et al. v. Thomas Spiegel, et al.,
C.D. California, C.A. No. 89-6538

Columbia Savings & Loan Association, et al. v. Michael R. Milken
et al., C.D. California, C.A. No. 90-6656

#### Southern District of New York

Federal Deposit Insurance Corporation, et al. v. Michael R. Milken,
et al., S.D. New York, C.A. No. 91-Civ-433